Khatri Chhetri v. Holder

BIA
Segal, IJ
A087 980 972

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand fourteen.

PRESENT:
>        REENA RAGGI,
>        DEBRA ANN LIVINGSTON,
>        GERARD E. LYNCH,
>             *Circuit Judges.*

_____

DIPAK KHATRI CHHETRI,
>        *Petitioner,*

>        v.                                    12-4380
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New York,
                         NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Linda S. Wernery,
                         Assistant Director; James E. Grimes,
                         Senior Litigation Counsel, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dipak Khatri Chhetri, a native and citizen of Nepal, seeks review of an October 10, 2012, decision of the BIA affirming the March 1, 2011, decision of Immigration Judge ("IJ") Alice Segal, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dipak Khatri Chhetri*, No. A087 980 972 (B.I.A. Oct. 10, 2012), *aff'g* No. A087 980 972 (Immig. Ct. N.Y. City Mar. 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. Where an "IJ found [an applicant] to be credible, we treat the events [ ] he experienced in the past as undisputed facts." *Castro v. Holder,* 597 F.3d 93, 99 (2d Cir. 2010) (internal quotation marks omitted). "The agency's findings of fact are conclusive unless any reasonable adjudicator would be

2

compelled to conclude to the contrary." *Id.* (internal quotation marks omitted).  Accordingly, we review factual findings under the substantial evidence standard, which requires that findings have a basis in "reasonable, substantial and probative evidence in the record when considered as a whole." *Iouri v. Ashcroft*, 487 F.3d 76, 81 (2d Cir. 2007) (internal quotations marks omitted).

The IJ reasonably concluded that Khatri Chhetri did not demonstrate that he was persecuted or holds a well-founded fear of future persecution on account of political opinion. Pursuant to the REAL ID Act, to establish that he was persecuted "on account of" a political opinion, Khatri Chhetri must show that the Maoist insurgents' perception of his political opinion was "at least one central reason" for his persecution.  *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i); *Castro*, 597 F.3d at 100.

Khatri Chhetri asserts that the Maoists targeted him because: (1) his uncle was a member of the Nepalese army and had anti-Maoist political views; and (2) they interpreted his report of his uncle's murder to the police as a political act of support for the Nepalese government and opposition to the Maoist cause.  A reasonable fact finder

3

would not be compelled to accept these arguments, however. Although Maoists murdered Khatri Chhetri's uncle because of his uncle's prior membership in the army and his refusal to aid them, there is no evidence that the Maoists targeted any other members of the uncle's family.  In particular, the Maoists have not threatened or harmed Khatri Chhetri's father, a retired military officer.

Although an asylum applicant may satisfy the nexus requirement by showing that he was persecuted due to imputed political opinion, regardless of whether the imputation is accurate, the IJ reasonably concluded that Khatri Chhetri did not provide sufficient evidence that his persecutors believed he held anti-Maoist political opinions.  *See Delgado v. Mukasey*, 508 F.3d 702, 706 (2d Cir. 2007).  The BIA has recognized "[t]he difficulty of determining motive in situations of general civil unrest," such as the conflict between Maoists and the Nepalese government.  *In re S-P-*, 21 I. & N. Dec. 486, 493 (BIA 1996).  In such circumstances, "the evidence must be evaluated in the context of the ongoing civil conflict to determine whether the motive for the abuse in the particular case was directed toward punishing or modifying perceived political views . . . ; was part of the violence inherent in an armed conflict (i.e.,

4

lawful acts of war); or, was motivated by some other reason unrelated to asylum law." *Id.* at 493-94.

Under these circumstances, the IJ did not clearly err by accepting one plausible interpretation of the Maoists' motives rather than another. Although it is certainly possible that Maoist rebels deemed Khatri Chhetri's police report a political act, it is equally plausible that they did not. Hostile actions by paramilitary groups are not per se acts of persecution based on imputed political opinion simply because those groups have political aims. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (holding that actions by anti-government guerrilla group with political agenda are not automatically politically driven). Here, the only corroborating evidence Khatri Chhetri offered concerned Maoist attacks on police stations in northwest Nepal, evidence that does not bear on the insurgents' motives for targeting Khatri Chhetri. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (granting IJ authority to request "evidence that corroborates otherwise credible testimony"). On this record, it was thus not unreasonable for the IJ to infer that the Maoists targeted Khatri Chhetri to avenge a comrade's death, rather than because they believed that he, like his uncle, would oppose a Maoist regime. *See*

5

*Elias-Zacarias*, 502 U.S. at 482; *In re S-P-*, 21 I. & N. Dec. at 493–97.

Because the IJ reasonably concluded that Khatri Chhetri failed to demonstrate that political opinion was a central reason for his past persecution or feared future persecution, the agency did not err in denying his application for asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1). As Khatri Chhetri did not challenge the IJ's denial of CAT relief before the BIA, and does not renew his claim for such relief here, we deem that claim abandoned.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk